


# Miami-Dade Police Department
## Court Services Section
### Alfredo Ramirez, III
*Director*

---

LORRAINE INGRASSIA vs. NCL (BAHAMAS) LTD. D/B/A NORWEGIAN CRUISE LINE

**Case Number**
22-CV-23400 ALTONAGA

## RETURN OF SERVICE
SUMMONS - CIVIL

| | | | |
|---|---|---|---|
| 11/2/22 10:50 am | Served - Corporate Service | SERVED | NCL (BAHAMAS) LTD. D/B/A NORWEGIAN CRUISE LINE |

10/31/2022   Came this day into hand of the Sheriff

11/02/2022   10:50 AM - SERVED THE SUMMONS UPON NCL (BAHAMAS) LTD. D/B/A NORWEGIAN CRUISE LINE AT 7665 CORPORATE CENTER DR, MIAMI, FL 33126 BY DELIVERING A COPY TO VICTORIA KOSTYRKA; BUISNESS AGENT , IN ACCORDANCE WITH F.S. 48.081 AND F.S. 48.091. SERVICE AFFECTED BY: CSS1 MELISSA RODRIGUEZ #8041, DEPUTY SHERIFF OF MIAMI-DADE COUNTY, FL.

MELISSA RODRIGUEZ, CSS1, #8041

**RUE & ZIFFRA**
**632 DUNLAWTON AVENUE**
**PORT ORANGE, FL 33127**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LORRAINE INGRASSIA, <br><br> *Plaintiff(s)* <br> v. <br><br> NCL (BAHAMAS) LTD., <br> a Bermuda Company, d/b/a <br> NORWEGIAN CRUISE LINE, <br><br> *Defendant(s)* | Civil Action No. <br><br> 22-CV-23400 ALTONAGA |

Served: Nov. 2/2022  10:50 am
M. Rodriguez 8041
Sheriff of Miami-Dade County
By Deputy Sheriff
Badge No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  NCL (BAHAMAS) LTD.
A BERMUDA COMPANY
d/b/a NORWEGIAN CRUISE LINE
7665 Corporate Center Drive
Miami, FL  33126

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Luis R. Gracia, Esquire
Rue & Ziffra
632 Dunlawton Avenue
Port Orange, FL  32127

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



Angela E. Noble
Clerk of Court

**SUMMONS**

Date: Oct 19, 2022

s/ Patricia Curtis
Deputy Clerk
U.S. District Courts

RECEIVED
MIAMI-DADE POLICE DEPT.
2022 OCT 28 AM 10:15
COURT SERVICES SECTION

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LORRAINE INGRASSIA,

   Plaintiff,

v.                Civil Action No.

NCL (BAHAMAS) LTD.
A Bermuda Company, d/b/a
NORWEGIAN CRUISE LINE,

   Defendant.
_____

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, LORRAINE INGRASSIA, by and through his undersigned counsel, sues Defendant, NCL (BAHAMAS) LTD., a Bermuda Company, d/b/a NORWEGIAN CRUISE LINE ("Norwegian") and states:

## JURISDICTION AND VENUE

1. This is an action seeking damages in excess of $75,000, exclusive of costs, interest, and attorney's fees.

2. At all times material hereto, Plaintiff, LORRAINE INGRASSIA, was and is a U. S. citizen and a resident of New Smyrna Beach, Florida.

3. At all times material hereto, Defendant, NCL (BAHAMAS) LTD., a Bermuda Company, d/b/a NORWEGIAN CRUISE LINE (NORWEGIAN), was and is a foreign corporation organized under the laws of Bermuda and maintaining a principal place of business in Miami, Florida.

4. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a)(2) due to diversity of citizenship. In the alternative, this is a case of admiralty or maritime jurisdiction under 28 U.S.C. §1333(1).

5. Venue is proper pursuant to 28 U.S.C. §1391(a)(2), as Defendant NORWEGIAN maintains a principal place of business in this district. In addition, the parties have contractually consented to venue in this district.

6. All conditions precedent to maintaining this action have occurred, been waived, or otherwise been fulfilled.

## COUNT I
## NEGLIGENCE OF DEFENDANT NORWEGIAN

7. At all times material hereto, Defendant NORWEGIAN was the owner and/or operator of the Norwegian Escape, a passenger vessel used by Defendant NORWEGIAN to transport passengers on cruises for a fee.

8. On or around November 30, 2021, Plaintiff, LORRAINE INGRASSIA, was a ticketed passenger invitee aboard the Norwegian Escape.

9. On the same date and time, Plaintiff, LORRAINE INGRASSIA, was exercising in the ship's gym when the seat of the exercise machine she was using came off the machine's track causing her to fall onto the floor. The seat on the piece of equipment should not have gone past a red indicator on the floor as it created a dangerous condition.

10. At all times material hereto, there were no signs indicating that the seat was not able to be engaged.

11. At all times material hereto, the Plaintiff, LORRAINE INGRASSIA, while working out and otherwise exercising a reasonable degree of care, could not appreciate that the seat was not fully engaged until it came off the machine's track and she fell to the floor.

12. At all times material hereto, Defendant NORWEGIAN had a duty to maintain the subject premises in a reasonably safe condition so as to avoid injury to persons in the position of the Plaintiff, LORRAINE INGRASSIA, and to warn the Plaintiff of dangers which the Defendant, NORWEGIAN, knew or had reason to know caused an unreasonable risk of harm to the Plaintiff and individuals in the position of the Plaintiff.

13. At all times material hereto, the Defendant, NORWEGIAN, knew or should have known through the exercise of reasonable care, that the machine's seat was faulty and would not fully engage, placing the passengers and Plaintiff, LORRAINE INGRASSIA, in danger.

14. At the above-described date and place, the Defendant, NORWEGIAN, negligently maintained the subject premises in a dangerous condition in one or more of the following ways, to-wit:

(a) negligently allowing an exercise machine with a faulty seat mechanism to remain available to be used by passengers; and

(b) negligently failing to provide passengers, including the Plaintiff, LORRAINE INGRASSIA, and those in the position of the Plaintiff, warning of the dangerous condition created as a result of the faulty seat.

15. As a direct and proximate result of the negligence of Defendant, NORWEGIAN, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, LORRAINE INGRASSIA, demands judgment against Defendant, NCL (BAHAMAS) LTD., a Bermuda Company, d/b/a NORWEGIAN CRUISE LINE, for damages in excess of $75,000 excluding attorney's fees, costs and interest.

### DEMAND OF TRIAL BY JURY

Plaintiff demands a trial by jury concerning all issues triable of right by a jury in this action.

RUE & ZIFFRA

_____
Luis R. Gracia, Esquire
632 Dunlawton Avenue
Port Orange, FL 32127
(386) 788-7700
Email: lgracia@rueziffra.com
       terrig@rueziffra.com
Florida Bar #: 0152943
Attorney for Plaintiff



# RUE & ZIFFRA
ATTORNEYS & COUNSELORS AT LAW

**ATTORNEYS:**

ALLAN L. ZIFFRA

LUIS R. GRACIA*

DAVID L. SWEAT

KIM E. BOUCK

DARREN COLEMAN

EDWARD S. RUE

MATTHEW J. MITCHELL

ROMAN DIVEEV

ALFRED WASHINGTON, JR.

AMANDA E. WRIGHT

RICK KOLODINSKY**

JOHN D. RUE***

*Board Certified in
 Social Security Disability
 Law by the National
 Board of Legal
 Specialty Certification

**Of Counsel

***Founder

SEND ALL MAIL TO MAIN OFFICE:
**PORT ORANGE**
632 DUNLAWTON AVE.
PORT ORANGE, FL 32127
(386) 788-7700
(386) 788-8707 FAX

**PALM COAST OFFICE**
(386) 439-0249

**DELAND OFFICE**
(386) 734-5900

**NEW SMYRNA BEACH**
(386) 427-2220

**TOLL-FREE**
(800) 526-4711

RUEZIFFRA.COM
ATTORNEYSFORBIKERS.COM

October 21, 2022

Miami-Dade Sheriff's Office
Attn: Civil Process Division
601 NW 1st Street, 9th Floor
Miami, FL 33136

Re:   *Lorraine Ingrassia v. NCL (Bahamas) Ltd., et al.*
       US District Court Southern District of Florida
       Case No.: 1:22-cv-23400

Dear Sir or Madam:

Please find enclosed this firm's check in the amount of $40 for service of a summons in the above referenced matter on:

   NCL (BAHAMAS) LTD, a Bermuda Company
   d/b/a Norwegian Cruise Line
   7665 Corporate Center Drive
   Miami, FL 33126

I am enclosing an original and a copy of the Summons and Complaint. Please forward a return of service affidavit to the undersigned in the enclosed envelope upon completion. Thank you for your assistance.

Very truly yours,
RUE & ZIFFRA

*Terri Giuffrida*

Terri Giuffrida
Paralegal to Luis R. Gracia

TG/cag
Enclosures


RECEIVED
NOV 16 2022


RECEIVED
MIAMI-DADE POLICE DEPT.
2022 OCT 31 AM 11:28
COURT SERVICES SECTION